UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CARY ELLIS MALONE                       CIVIL ACTION NO. 18-0935

                                        SECTION P

VS.

                                        JUDGE TERRY A. DOUGHTY

JAY RUSSELL, ET AL.                     MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Pro se Plaintiff Cary E. Malone filed the instant Complaint on July 16, 2018, under 42

U.S.C. § 1983.  He names Jay Russell, Pat Johnson, and Scott Smith as Defendants.  This matter

has been referred to the undersigned for review, report, and recommendation in accordance with

28 U.S.C. § 636 and the standing orders of the Court.

## Background

Plaintiff alleges that his probation was revoked without due process.  [doc. # 1, p. 5-6].

He seeks punitive damages and compensation for emotional suffering and distress, mental

anguish, stress, loss of family and friends, and loss of employment.  *Id.* at 4.

## Law and Analysis

### 1. In Forma Pauperis

Plaintiff applies to proceed in forma pauperis.  Having considered his Application, the

undersigned finds that Plaintiff does not have sufficient funds to pay a filing fee.  Accordingly,

his Application, [doc. # 2], should be granted, and he should be allowed to proceed in forma

pauperis.

### 2. Preliminary Screening

A complaint by a plaintiff proceeding in forma pauperis is subject to screening under 28

U.S.C. § 1915(e)(2).[1]  Section 1915(e)(2) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In forma pauperis complaints may be dismissed as frivolous if "they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Likewise, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").

Plaintiff's allegations here are substantially similar to, and arise from the same series of events as, allegations he raised in prior proceedings: *Cary Ellis Malone v. LA Dept. Of Safety & Corrections, et al.*, No. 17-cv-0568 (W.D. La. 2017) (dismissing complaint as frivolous); *Cary Ellis Malone v. LA Dept. Of Probation & Parole, et al.*, No. 17-cv-1025 (W.D. La. 2017) (dismissing complaint as frivolous); and *Cary Ellis Malone v. Jay Russell, et al.*, No. 17-1064

---

[1] Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner in forma pauperis cases.  See *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)).  Here, Plaintiff is on parole, and he is not incarcerated or detained in any parole facility.  TELEPHONE CALL TO THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, CORRECTIONS SERVICES, MONROE DISTRICT, July 26, 2018.

(W.D. La. 2017) (dismissing complaint as malicious).  In fact, Plaintiff's claims are so similar to his claims in *Cary Ellis Malone v. Jay Russell, et al.*, No. 17-1064, that he seeks, in this proceeding, to reopen the aforementioned proceeding.  In that proceeding, the Court dismissed Plaintiff's Complaint as malicious, recognizing that his claims were substantially similar to claims he raised in prior actions.

As the instant proceeding is duplicative, malicious, and frivolous, it should be dismissed with prejudice.[2]  In addition, sanctions are in order given Plaintiff's history of filing frivolous complaints and successive claims.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Cary Ellis Malone's Application to Proceed In Forma Pauperis, [doc. # 2], be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint, [doc. # 1], be **DISMISSED WITH PREJUDICE** as frivolous and malicious.

**IT IS FURTHER RECOMMENDED** that Plaintiff be **SANCTIONED** and prohibited from filing any new civil action in this District without the prior approval and authorization of the Chief Judge of this District.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation

---

[2] That Plaintiff names different defendants does not change the result.  See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

3

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 7th day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE